```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
JUDE AGU,

                    Plaintiff,             MEMORANDUM & ORDER
                                            09-CV-4732 (JS)(AKT)
        -against-

JOHN RHEA, ET AL.,

                    Defendants.
----------------------------------X
```

APPEARANCES:

For Plaintiff:          Jude Agu, pro se
                        16 McGowan Lane
                        Central Islip, NY 11722

For Defendants:

Robbins Defendants      Roger A. Goodnough, Esq.
                        Torre, Lentz, Gamel, Gary
                        & Rittmaster, LLP
                        100 Jericho Quadrangle, Suite 309
                        Jericho, NY 11753-2702

Experian                George E. Spencer, Esq.
                        Jones Day
                        222 East 41st Street
                        New York, NY 10017

Equifax                 Stephanie Cope, Esq.
                        King & Spalding
                        1180 Peachtree Street
                        Atlanta, GA 30309

                        Richard Thomas Marooney, Jr., Esq.
                        King & Spalding
                        1185 Avenue of the Americas
                        New York, NY 10036

Trans Union             Timothy P. Creech, Esq.
                        Kogan, Trichon & Wertheimer, P.C.
                        1818 Market Street, 30th Floor
                        Philadelphia, PA 19103

| | |
|---|---|
| Portfolio Recovery | Thomas R Dominczyk, Esq.<br>Maurice & Needleman, P.C.<br>5 Walter E. Foran Blvd, Suite 2007<br>Flemington, NJ 08822 |
| BOA Defendants | Brian Scott Goldberg, Esq.<br>Casey D. Laffey, Esq.<br>Reed Smith LLP<br>599 Lexington Avenue<br>New York, NY 10022 |
| Arrow Financial | Concepcion A. Montoya, Esq.<br>Hinshaw & Culbertson LLP<br>780 Third Avenue, 4th Floor<br>New York, NY 10017 |
| Collecto, Inc. | Jeff J. Imeri, Esq.<br>Marshall Dennehey Warner<br>Coleman & Goggin<br>140 Broadway, 19th Floor<br>New York, NY 10005 |

SEYBERT, District Judge:

Plaintiff Jude Agu, pro se, filed suit against ten separate defendants, alleging various debt-related statutory and common law causes of action. Through six separate motions, each of the Defendants has moved to dismiss.[1] For the following reasons, all of those motions are GRANTED.

## BACKGROUND

This action[2] arises from several distinct debts. The Court recounts Plaintiff's allegations debt-by-debt.

---

[1] See Docket Nos. 62, 65, 67, 68, 72 and 75.

[2] Plaintiff's pro se Complaint and Amended Complaint contain few decipherable facts. So the Court has considered the Amended Complaint's causes of action in light of facts alleged in Plaintiff's opposition papers, or contained in documents

I.   The Bank of America Debts

In early 2005, Plaintiff applied for a credit card with SunTrust Bank. (Pl. Opp. Br. at 1.) SunTrust accepted his application, and did not tell him that the credit line he applied for "belongs to Bank of America." (Id.) In November 2005, Plaintiff applied for, and received, another credit card, this time from Bank of America. (Id.) Plaintiff contends that he applied only for a single credit card with Bank of America, but that Bank of America then "opened more than one credit line accounts for Plaintiff without [his] knowledge, agreement and consent." (Am. Compl. ¶ 3.)

Sometime in 2006, Plaintiff claims that Bank of America began to mistakenly report that he owed them "more than once." (Pl. Opp. Br. at 1.) In fact, Plaintiff claims, he was up to date on his credit payments. (Id. at 4.) According to Plaintiff, he contacted several Bank of America representatives, all of whom assured him that it was a mistake. (Id. at 1.) But, Plaintiff relates, Bank of America failed to correct this mistake and incorrectly reported to Defendants Experian Information Solutions, Inc., Equifax Information Services LLC, and Trans Union LLC (collectively "Reporting Agency Defendants")

---

properly subject to judicial notice. But, although the Court considers factual allegations not mentioned in Plaintiff's Amended Complaint, it will not consider causes of action first raised in Plaintiff's opposition papers.

3

that he owed money "on a second account," thereby damaging his credit.  (Id.)  Plaintiff contacted the Reporting Agency Defendants to sort out this alleged mistake, but obtained no relief.  (Id.)  In 2007 and 2008, Defendants Portfolio Recovery Associates, LLC, Arrow Financial Services, LLC (together with Collecto, Inc., the "Collection Defendants"), began trying to collect the Bank of America debt(s), including by posting them on Plaintiff's credit reports.  (Id.)  Plaintiff alleges that he then contacted the Collection Defendants, asking them to validate that the debt they sought to collect actually exists, but received no response.  (Am. Compl. at 5-6.)

Plaintiff asserts that, through its actions, Bank of America, and its former Chief Executive Officer, Kenneth Lewis: (1) violated the Truth-in-Lending Act by opening up credit lines in Plaintiff's name without his consent; and (2) defamed his character.  (Am. Compl. at 3.)  In addition, Plaintiff's opposition brief purports to assert numerous other claims based on, among other things, allegations that Bank of America posted a debt "more than once."  (Pl. Opp. Br. at 6-7.)

As to the Reporting Agency Defendants, Plaintiff alleges that, by posting "false and derogatory" credit reports, these Defendants: (1) violated the Fair Credit Reporting Act; and (2) defamed his character.  (Am. Compl. at 2.)

4

And with respect to the Collection Defendants, Plaintiff alleges that, by not properly validating the debt they sought to collect, these Defendants violated the Fair Debt Collection Practices Act. (Am. Compl. at 5-6.)

II. The New York Institute of Technology Debt

Plaintiff raises substantively identical claims against each of the Collection Defendants. However, Plaintiff's action against Collecto, Inc. (sued as "Collection Company of America") apparently arises out of a debt to the New York Institute of Technology, not Bank of America. (Pl. Opp. Br. Ex. 8.) Because Plaintiff barely mentions this debt in his papers, the Court has limited information about it.

III. The Robbins Federal Credit Union Debt

In 2004, Plaintiff opened a bank account and credit line with Robbins Federal Credit Union ("Robbins"). (Pl. Opp. Br. at 1.) Sometime in 2008, Robbins obtained a judgment against Plaintiff in a Georgia court. (Id.) Plaintiff contends that Robbins did so without properly serving him, or otherwise giving him notice of the lawsuit. (Id.; Am. Compl. at 4.)

Based on these events, Plaintiff seeks to hold Robbins, and its Chief Executive Officer, John Rhea, liable on the grounds that Robbins committed "fraud upon the court," defamed his character, and punished him with legal bills. (Am. Compl. at 4.)

DISCUSSION

I. Standard of Review on a Motion to Dismiss

In deciding FED. R. CIV. P. 12(b)(6) motions to dismiss, the Court applies a "plausibility standard," which is guided by "[t]wo working principles," Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). First, although the Court accepts all factual allegations as true, and draws all reasonable inferences in the plaintiff's favor, this "tenet" is "inapplicable to legal conclusions"; thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Harris, 572 F.3d at 72 (quoting Ashcroft); Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Management LLC, 595 F.3d 86, 91 (2d Cir. 2010). Second, only complaints that state a "plausible claim for relief" can survive Rule 12(b)(6). Id. Determining whether a complaint does so is "a context specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

Pro se plaintiffs enjoy a somewhat more liberal pleading standard. See Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) ("[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal

quotations and citations omitted). However, pro se plaintiffs must still "comport with the procedural and substantive rules of law," Javino v. Town of Brookhaven, 06-CV-1245, 2008 U.S. Dist. LEXIS 17323, at *3 (E.D.N.Y. Mar. 4, 2008).

II. Subject Matter Jurisdiction

The Amended Complaint asserts only diversity jurisdiction, not federal question jurisdiction. (Am. Compl. at 2.) But the Amended Complaint then purports to assert claims under three federal statutes: TILA, FCRA, and the FDCPA.

The Court is mindful that it has "an independent obligation to determine whether subject-matter jurisdiction exists." See generally Hertz Corp. v. Friend, __ U.S. __, 130 S. Ct. 1181, 1193, __ L. Ed. 2d __ (2010). Undertaking this obligation, it is clear that the Amended Complaint adequately sets forth multiple statutory grounds for federal question jurisdiction. Accordingly, the Court reads Plaintiff's pro se Amended Complaint for the "strongest [jurisdictional] arguments"[3] it suggests, and, having done so, finds that Plaintiff has sufficiently asserted federal question jurisdiction over this action. Accordingly, the Court declines Defendants' suggestions that it should dismiss the entire Amended Complaint for lack of subject matter jurisdiction.

---

[3] Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010).

7

III. The Claims Against Bank of America

To begin with, the parties dispute who the proper Defendant(s) are. Plaintiff sued Bank of America and its former CEO, Kenneth Lewis. Bank of America has not appeared. Instead, its wholly-owned subsidiary, FIA Card Services, N.A. ("FIA"), has appeared. FIA contends that it--and not Bank of America--is the proper Defendant, because it was the company that administered the relevant credit lines. Additionally, FIA contends that Plaintiff improperly named Mr. Lewis as a Defendant.

The Court does not reach this issue.[4] Whether construed against Bank of America, FIA, Mr. Lewis (collectively, the "BOA Defendants"), or all three purported Defendants together, Plaintiff's allegations fail to state a claim.

With respect to Plaintiff's claim that the BOA Defendants "opened more than one credit line accounts for Plaintiff without Plaintiffs' [sic] knowledge, agreement and consent" (Am. Compl. at 3), Plaintiff pleads no facts to render such a claim plausible. On the contrary, Plaintiff's own

---

[4] Plaintiff's confusion likely results from the complexities of modern banking practices. Plaintiff acquired credit cards stamped "SunTrust" and "Bank of America." But, in actuality, FIA, and not SunTrust or Bank of America, administered these credit lines. See Goldberg Decl. Exs. E, F. And the Court can take judicial notice of these account statements, as they are integral to Plaintiff's Amended Complaint.

8

statements, and the documents he attached to his opposition papers, reflect that he voluntarily opened up and maintained credit card accounts at both Bank of America and SunTrust Bank, and that the BOA Defendants administered both of these accounts. (Pl. Opp. Br. at 1; Pl. Sur-Reply at Ex. 1.) Conversely, Plaintiff pleads no facts, and identifies no documents, pointing to the BOA Defendants opening an additional account without his consent.

Indeed, considering Plaintiff's papers together with other documents properly subject to judicial notice, it appears that Plaintiff's claim does not actually concern opening a credit account without "knowledge, agreement and consent." Rather, it appears that Plaintiff attempts to assert a TILA claim based on the BOA Defendants' alleged failure to inform him that it administered his SunTrust credit account. Plaintiff, however, identifies no authority indicating that the TILA prohibits this conduct.[5] And the Court's own research could find none. Thus, this claim must be dismissed.

---

[5] In any event, Plaintiff's claim that the BOA Defendants failed to inform him that it administered the SunTrust account fails on factual grounds as well. Plaintiff's SunTrust bank statements unambiguously told him that "[t]his account is issued and administered by FIA Card Services, N.A." (Goldberg Decl. Ex. E.) But, even if the BOA Defendants had not provided this information, it is unclear – at best – how Plaintiff could claim damages stemming from the fact that SunTrust did not administer its own credit cards, but instead contracted that responsibility out to the BOA Defendants.

Plaintiff's opposition papers also contend that the BOA Defendants mistakenly reported that he owed them "more than once." (Id.)  But Plaintiff did not plead these allegations in his Amended Complaint, and it is "axiomatic that [a] Complaint cannot be amended by the briefs in opposition to a motion to dismiss."  In re IAC/InterActiveCorp Sec. Litig., 695 F. Supp. 2d 109, 124 (S.D.N.Y. 2010) (internal citations and quotations omitted); Sanders v. Long Island Newsday, 09-CV-2393, 2010 WL 3419653, at *8 (E.D.N.Y. May 19, 2010) (Boyle, M.J.) (pro se plaintiff).  Thus, any separate causes of action predicated on the BOA Defendants improperly reporting a debt "more than once" must be dismissed.

That being said, for the purpose of clarifying Plaintiff's remaining causes of action, the Court elects to consider this claim on its merits.  In this regard, the Court finds that the credit reports that Plaintiff attached to his sur-reply substantively refute this claim.[6]  Plaintiff contends that these credit reports reflect "Bank of America posting an alleged debt more than once." (Pl. Sur-Reply Br. at 2.)  And, in a sense they do.  The credit reports reflect that Bank of

---

[6] On a motion to dismiss, the Court can consider documents that a pro se litigant attaches to his opposition papers.  See Torrico v. International Business Machines Corp., 213 F. Supp. 2d 390, 400 (S.D.N.Y. 2002).

10

America charged off one account as a bad debt, and sold that debt to Arrow Financial Services. (Sur-Reply Ex. 1.) This debt appears as a charged-off debt with $0 owed to Bank of America, and, as a separate entry, $2,335 owed to Arrow Financial Services. (Id.) Construing Plaintiff's papers liberally, it appears that this is what he's complaining about.[7] But Plaintiff identifies no legal authority that would preclude Bank of America from selling bad debts, or accurately listing charged-off debts on a credit report. And the Court's own research could find none. So any claim arising from this practice must also be dismissed.

Plaintiff's state law claims fare no better. With respect to the defamation cause of action, Plaintiff's claim consists of one conclusory sentence: "BOA also engaged in the Defamation of Plaintiffs' [sic] Character." (Am. Compl. at 3.) This is woefully insufficient under FED. R. CIV. P. 8, much less Iqbal's plausibility standard.

Plaintiff's breach of contract and FDCPA claims also fail. Like his "more than once" claim, Plaintiff asserted these causes of action only in his opposition brief to Defendants'

---

[7] In addition to the debt sold to Arrow Financial Services, the credit reports contain another Bank of America entry. But, indisputably, this is not the same debt posted twice. One entry correlates with the SunTrust account Plaintiff concedes opening in January 2005, and the other corresponds to the Bank of America account that Plaintiff concedes opening in November 2005. (Sur-Reply Ex. 1; Pl. Opp. Br. at 1.)

motions to dismiss. See In re IAC/InterActiveCorp Sec. Litig., 695 F. Supp. 2d at 124; Sanders, 2010 WL 3419653 at *8.

IV. The Claims Against the Collection Defendants

The Amended Complaint sets forth nearly identical allegations against each of the three Collection Defendants. Plaintiff alleges that each violated FDCPA Section 809(b) (codified as 15 U.S.C. § 1692g). In this regard, Plaintiff claims that he asked each of the Collection Defendants to validate the debts being collected and provide him with proof of their right to collect them. (Am. Compl. at 5-6.) But, rather than provide him with the requested information, Plaintiff contends that the Collection Defendants ignored his inquiries and kept reporting the challenged debts to credit bureaus. (Id.) The Collection Defendants argue that these allegations do not sufficiently state a claim. The Court agrees.

Plaintiff appears to be asserting a cause of action under 15 U.S.C. § 1692g(b). That subsection provides that, if a consumer challenges a debt within thirty days of the debt collector first providing the notice set forth in Section 1692g(a), the debt collector must verify the debt or "cease collection of the debt."

Here, Plaintiff's Section 1692g(b) claims fail because, although he alleges that he repeatedly requested that the Collection Defendants verify the questioned debts, he does

12

not allege that he made any of these requests within the thirty day time window that Section 1692(b) provides. Without such factual pleading, it is entirely speculative, and not "plausible," that Plaintiff has a cognizable claim. After all, for all the Court knows, Plaintiff could have made only untimely verification requests, which the Collection Defendants then properly ignored. And, absent factual allegations that Plaintiff sent a timely Section 1692(b) demand, the Collection Defendants had every right to continue reporting Plaintiff's alleged debts to the Reporting Agency Defendants. See Jackson v. Genesys Credit Management, 06-CV-61500, 2007 WL 2113626, at *3 (S.D. Fla. 2007) (absent a timely demand under Section 1692g(b), nothing precludes a debt collector from reporting a debt to credit agencies). Consequently, Plaintiff's Section 1692g(b) claim must be dismissed.[8]

V. The Claims Against the Reporting Agency Defendants

Plaintiff has also sued the Reporting Agency Defendants, alleging that, "over the years," he informed them about "false and derogatory accounts" on his credit report,

---

[8] In opposing the Collection Defendants' motions to dismiss, Plaintiff asserts other FDCPA claims not mentioned in his Amended Complaint, including that the Collection Defendants never provided him with the information required under Section 1692g(a). These claims fail, because Plaintiff did not plead them in his Amended Complaint. See In re IAC/InterActiveCorp Sec. Litig., 695 F. Supp. 2d at 124; Sanders, 2010 WL 3419653 at *8.

including accounts that "have not been verified/validated by the collection agents." (Am. Compl. ¶ 2.) Plaintiff claims that, in not correcting these alleged errors, the Reporting Agency Defendants violated the FCRA and defamed his character. The Reporting Agency Defendants contend that Plaintiff's allegations fail to state any cognizable claims. The Court agrees.

The Amended Complaint does not identify what FRCA sections he believes the Reporting Agency Defendants violated. Construed liberally, the Court theorizes that Plaintiff purports to state a claim based on the Reporting Agency Defendants' alleged failures to "follow reasonable procedures to assure maximum possible accuracy," and "reinvestigat[e]" disputes. 15 U.S.C. §§ 1681e(b), 1681i(a). The FRCA creates a private right of action for both willful and negligent non-compliance with these provisions. See 15 U.S.C. §§ 1681n, 1681o.

To state a Section 1681e(b) claim, a plaintiff must allege that: (1) the consumer reporting agency was negligent or willful in that it failed to follow reasonable procedures to assure the accuracy of its credit report; (2) the consumer reporting agency reported inaccurate information about the plaintiff; (3) the plaintiff was injured; and (4) the consumer reporting agency's negligence proximately caused the plaintiff's injury. See Gaft v. Mitsubishi Motor Credit of Am.,

14

07-CV-0527, 2009 U.S. Dist. LEXIS 91052, at *26-27 (E.D.N.Y. Sept. 22, 2009).

Here, at a minimum, the Amended Complaint does not properly allege that the Reporting Agency Defendants reported "inaccurate information." As far as the Court can determine, Plaintiff rests his Section 1681e claim on a combination of non-specific, conclusory allegations about "false" or "derogatory" statements, and repetition of his argument that Bank of America incorrectly reported that he "owe[d] more than once." (Am. Compl. ¶ 2; Pl. Opp. Br. at 20.) But the conclusory allegations obviously fail to state a claim. And, as discussed above, Plaintiff's own admissions and the various documents subject to judicial notice refute his allegation that the Reporting Agency Defendants incorrectly reported that he "owe[d] more than once." Williams v. Citibank, N.A., 565 F. Supp. 2d 523, 527 (S.D.N.Y. 2008) ("[t]he court need not accept as true an allegation that is contradicted by documents on which the complaint relies") (internal citations and quotations omitted); In re Adelphia Communs. Corp., 359 B.R. 54, 60 (S.D.N.Y. Bnkr. 2006) (court need not accept as true allegations "that are contradicted by facts that can be judicially noticed or by other allegations or exhibits attached to or incorporated in the pleading"). In reality, as reflected above, the indisputable facts indicate that Plaintiff had two separate accounts administered by the BOA

15

Defendants, and that the BOA Defendants charged-off one of those accounts by selling it to Arrow Financial Services. (Pl. Sur-Reply Ex. 1; Pl. Opp Br. at 1; see also supra at 10-11)[9] Thus, indisputably, the Reporting Agency Defendants did not inaccurately report that Plaintiff owed the same debt twice.

Plaintiff's Section 1681i claim is a much closer call. Under Section 1681i(a)(1)(A), "if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency . . . the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate." The consumer reporting agency must then inform the consumer of the reinvestigation results. See 15 U.S.C. § 1681i(a)(3)(B); 1681i(a)(6).

Here, Plaintiff alleges that "over the years [he] notified the [Reporting Agency Defendants]" about disputed items on his account, but that "[i]n most cases Plaintiff got no response from the Defendants." (Am. Compl. ¶ 2.) "Sensing that the Defendants might claim that they did not receive" his

---

[9] In his opposition brief, Plaintiff also contends that "[n]o singular individual can get more than one different credit card from the same Bank," which he claims is a "fact/certainty." (Pl. Opp. Br. at 20.) He is wrong. The Court takes judicial notice that banks can, and frequently do, issue multiple credit cards to the same individual.

complaints, Plaintiff sent his "last batch of mails" to them by registered mail. (Am. Compl. ¶ 2.) In his opposition papers, Plaintiff attaches the registered mail receipts, but not copies of the letters they contained. (Pl. Opp. Br. Ex. 5.)

The Court finds that these allegations suffice, barely, to plead a statutory violation of § 1681i's requirement that credit reporting agencies notify consumers about the results of their reinvestigation. <u>See</u> 15 U.S.C. § 1681i(a)(3)(B); 1681i(a)(6). But they do not plead a cause of action. Plaintiff does not allege that the Reporting Agency Defendants' conduct was willful, much less plead facts reflecting willfulness. On the contrary, he claims that that the failure to respond resulted from "high work load and incompetence" (Pl. Opp. Br. at 20). Thus, Plaintiff's claims, if any, would fall under Section 1681o (negligent noncompliance), rather than Section 1681n (willful noncompliance). And, unlike Section 1681n, Section 1681o entitles plaintiffs only to actual damages, not statutory damages.

Here, Plaintiff alleges nothing that would support any actual damages whatsoever. As Plaintiff's opposition brief clarifies, his complaints to the Reporting Agency Defendants focused on his disputes with "Bank of America and Collection Agents postings." (Pl. Opp. Br. at 20.) But, as discussed

17

above, Plaintiff fails to plead any facts to suggest that the Bank of America-related debts were inaccurately reported. And Plaintiff similarly pleads no facts to impinge the legitimacy of the New York Institute of Technology debt. So, although Plaintiff has sufficiently pled that the Reporting Agency Defendants failed to inform him about their "reinvestigation[s']" findings, he has pled no facts to suggest that he was deprived of anything more than a letter describing the "frivolous or irrelevant" nature of his claims. See 15 U.S.C. § 1681i(a)(3)(B).[10]

VI. The Robbins Federal Credit Union Claims

Plaintiff's final claims allege that Robbins and its CEO, John Rhea, committed "fraud on the court" by obtaining a judgment against him in Georgia without properly serving him, or otherwise giving him notice of the suit. (Am. Compl. at 4.)

---

[10] Plaintiff's Amended Complaint does not specifically allege that the Reporting Agency Defendants failed to conduct a "reasonable reinvestigation" of his debts. But, even if such an allegation could be liberally construed out of Plaintiff's terse Amended Complaint, it would fail on the same grounds as Plaintiff's notice-related claim. Namely, Plaintiff has pled no facts to suggest that the reinvestigation would have led to anything other than a finding that he had raised "frivolous or irrelevant" objections to the posted debts. 15 U.S.C. § 1681i(a)(3)(B).

It is unclear from Plaintiff's pleadings if a state or federal court rendered the allegedly improper judgment.[11] If Plaintiff is complaining about a state judgment, then this Court lacks subject matter jurisdiction because, under the Rooker-Feldman doctrine "the lower federal courts do not have subject matter jurisdiction to review final judgments of state courts." Morrison v. City of New York, 591 F.3d 109, 112 (2d Cir. 2010). Alternatively, if Plaintiff is complaining about a federal judgment, then the Court would still dismiss, because until a federal court's decision "is reversed . . . either by itself or by a higher court, its orders based on its decision are to be respected."[12] Celotex Corp. v. Edwards, 514 U.S. 300, 313, 115 S. Ct. 1493, 131 L. Ed. 2d 403 (1995); see also Minn. Corn Processors, Inc. v. McCormick, 99-CV-5932, 2000 U.S. Dist. LEXIS 9441, at *16 (E.D. Pa. July 7, 2000) ("principles of comity counsel against a collateral attack in one federal district

---

[11] Plaintiff alleges that Robbins defrauded a "United States Court Judge," suggesting that he's seeking to attack a federal judgment. (Am. Compl. at 4.) But, using PACER, the Court was unable to locate any actions against Plaintiff in Georgia's federal courts. So it's likely that Plaintiff is actually complaining about a state judgment.

[12] An exception to normal comity principles applies when a creditor seeks to register one federal district court's default judgment in another federal district court. See Harper Macleod Solicitors v. Keaty & Keaty, 99-CV-707, 2000 U.S. Dist. LEXIS 3865, at *8 (E.D. La. 2000). But there is no indication that Robbins has sought to register a default judgment against Plaintiff in the E.D.N.Y.

19

court on a judgment entered by another federal district"). If Plaintiff wants to collaterally attack the judgment that Robbins obtained against him, he should do so in the court that rendered this judgment.

## CONCLUSION

Defendants' motions to dismiss are GRANTED in their entirety. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962). The Clerk of the Court is directed to mark this matter as CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: December 15, 2010
Central Islip, New York